UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CASSIUS NOLLAH,

                PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER TIETJEN, and
LIEUTENANT CHRISTOPHER TRUEBIG, individually,
and in their capacity as members of the New York City
Police Department,

                DEFENDANTS.

------------------------------------------------------------------------ x

**COMPLAINT**

**17-CV-634**

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff Mr. Cassius Nollah ("Mr. Nollah") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 18, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Nollah to *inter alia* false arrest and Malicious Prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Nollah, is a 28-year-old citizen of the United States and at all times here relevant resided at 28 Second Avenue, New York, NY 10003.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Tietjen ("PO Tietjen") and Lieutenant Christopher Truebig ("Lt. Truebig") at all times here relevant were members of the NYPD and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Nollah is 28-years old and works as a tutor at CUNY.

11. On or about the evening of September 18, 2014, Mr. Nollah was on his way to visit a friend in Harlem.

12. Mr. Nollah was driving a vehicle he had owned for approximately six years.

13. As Mr. Nollah travelled eastwards on 104th Street, he was pulled over by a marked police car.

14. Lt. Truebig and PO Tietjen approached Mr. Nollah's vehicle.

15. Lt. Truebig said to Mr. Nollah, in sum and substance, " n*****s aren't supposed to be out at night."

16. Mr. Nollah provided the officers with his license and registration.

17. Lt. Truebig went back to the police car and returned several minutes later.

18. Lt. Truebig and PO Tietjen accused Mr. Nollah of providing forged documents and stated that the vehicle was stolen.

19. Mr. Nollah assured the officers that his vehicle was not stolen and pointed out that the vehicle's details matched the details on his license and registration.

20. Mr. Nollah was handcuffed behind his back.

21. Mr. Nollah was taken to the police precinct in the back of the police car.

22. Lt. Truebig and PO Tietjen racially abused and cursed at Mr. Nollah in the car.

23. PO Tietjen stated to Mr. Nollah, in sum and substance, "you black people don't know how to behave yourselves."

24. Mr. Nollah continually informed the officers that his vehicle was not stolen.

25. At the precinct, Lt. Truebig threatened to shoot Mr. Nollah with a taser if he did not stop protesting his innocence.

26. Mr. Nollah was terrified.

27. Mr. Nollah was processed and held at the precinct for several hours.

28. Mr. Nollah was then given traffic tickets for 'Insufficient/no tail lights' and for 'Improper Turn'.

29. These offences had been entirely fabricated by Lt. Truebig and PO Tietjen.

30. After several hours Mr. Nollah was transferred to Central Bookings.

31. At approximately 1:00 pm on September 19, 2014, Mr. Nollah appeared before a Judge and the stolen vehicle charges were all dismissed.

32. Mr. Nollah had to attend Traffic Court on several occasions over the next two years.

33. Eventually all charges against Mr. Nollah were dismissed in or about November 2016.

34. Mr. Nollah continues to feel traumatized by the events of September 2014, and is wary and fearful when he sees police officers.

35. Mr. Nollah takes efforts to avoid police officers when in public.

36. Mr. Nollah suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

39. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by defendants.

40. Defendants confined Plaintiff.

41. Plaintiff was aware of, and did not consent to, his confinement.

42. The confinement was not privileged.

43. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

46. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

47. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

48. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 -Section 1983 Conspiracy)

49. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

51. Defendants entered into an agreement or understanding, express or implied, to violate Plaintiff's constitutional rights and to accomplish an unlawful purpose, in that Defendants conspired to maliciously prosecute Plaintiff and deny Plaintiff his right to a fair trial.

52. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

56. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

57. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(42 USC 1983 - Retaliatory Prosecution)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. Plaintiff exercised his constitutional rights when he protested his innocence to Defendants.

60. In retaliation, Defendants prosecuted Plaintiff for falsified traffic offenses, without any legal justification or probable cause.

61. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;

        Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

        And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             October 16, 2017

By:       /s/      

Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075