UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASSIUS NOLLAH,
                          Plaintiff,

-v-

NEW YORK CITY, POLICE OFFICER
TIETJEN, and LIEUTENANT
CHRISTOPER TRUEBIG, individually,
and in their capacities as members of the
New York City Police Department,
                          Defendants.

17-CV-634 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Cassius Nollah ("Nollah") brings this action under 42 U.S.C. § 1983 against the City of New York ("the City"), Police Officer Craig Tietjen ("Officer Tietjen"), and Lieutenant Christopher Treubig s/h/a Christopher Truebig ("Lt. Treubig") (collectively "Defendants"). Nollah claims that he was falsely arrested in 2014. (Dkt. No. 21 ("AC") ¶ 2.) Defendant Lt. Treubig moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 29.) For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

      The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for the purposes of this opinion.

      On the night of September 18, 2014, Nollah was driving his car to visit a friend in Harlem. (AC ¶ 11.) He was pulled over by Officer Tietjen and Lt. Treubig, who told Nollah that he was driving a stolen vehicle. (AC ¶¶ 13, 18.) Officer Tiejen and Lt. Treubig then handcuffed Nollah and took him to the police precinct, where he was held for several hours. (AC ¶¶ 20, 21, 27.) Nollah was ultimately given traffic tickets for "Insufficient/no tail lights" and for "Improper

1

Turn." (AC ¶ 28.) He appeared before a judge the next day and the stolen vehicle charges were dismissed. (AC ¶ 31.) In November 2016, all charges against Nollah arising from the September 18, 2014, incident were dismissed. (AC ¶ 33.)

Nollah initiated this lawsuit on January 27, 2017. He brings five claims jointly against the City and against the individual defendants in their professional and personal capacities: (1) false arrest, (2) malicious prosecution, (3) conspiracy to deny constitutional rights, (4) denial of the right to a fair trial, and (5) retaliatory prosecution. Nollah's original complaint was filed against the City, Officer Tietjen, and "Sergeant John Doe" because Nollah did not know the identity of the other arresting officer at the time. (Dkt. No. 34 at 4.) Defendants provided initial disclosures to Nollah on July 6, 2017, identifying the other officer as Lt. Treubig. (Dkt. No. 30-3.) Three months later, on October 6, 2017, Nollah moved for leave to amend his complaint to name Lt. Treubig as the John Doe defendant. (Dkt. No. 16.) The Court granted the motion without prejudice to Lt. Treubig's right to assert a statute of limitations defense. (Dkt. No. 18.)

Lt. Treubig now moves to dismiss under Rule 12(b)(6) on the ground that the claims against him are barred by the statute of limitations.

II. **Legal Standard**

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw [ ] all inferences in the plaintiff's favor.'" *Goonan v. Fed. Reserve Bank of New York*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)). However, "the tenet that a court must accept as true all of

2

the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A Rule 12(b)(6) dismissal is appropriate if the claims are time-barred. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

## III. Discussion

Lt. Treubig moves to dismiss all five of Nollah's claims against him for untimeliness. As a preliminary matter, Nollah does not dispute that New York's three-year statute of limitations applies to his § 1983 claims. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations."). However, the accrual dates of Nollah's § 1983 claims vary. Each claim is discussed in turn.

### A. False Arrest Claim

Lt. Treubig moves to dismiss the false arrest claim because it is time-barred. Nollah argues that his false arrest claim against Lt. Treubig is timely, because the Amended Complaint relates back to the date the original complaint was filed under the relation-back doctrine.

As noted above, Nollah does not dispute that New York's three-year statute of limitations applies to his § 1983 claims. *Hogan*, 738 F.3d at 517. Nor does Nollah dispute that he amended the Complaint to substitute Lt. Treubig for the John Doe defendant after the statute of limitation had run. (*See* Dkt. No. 34.) Therefore, whether Nollah's claim against Lt. Treubig is time-barred depends on whether the amendment relates back to the filing of the original Complaint.

It is the plaintiff's burden to establish that an amended claim relates back to the date of the original complaint. *See S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc.*, No. 10 Civ. 7547, 2013 WL 1234937, at *3 (S.D.N.Y. Mar. 26, 2013). "[I]f the applicable statute of limitations is determined by state law—as is the case here—courts should assess both the state and federal relation back doctrines and apply whichever law is more generous." *Anderson v.*

3

*City of Mount Vernon*, No. 09 Civ. 7082, 2014 WL 1877092, at *2 (S.D.N.Y. Mar. 28, 2014). Accordingly, the Court assesses both federal and New York state law to determine whether either allows relation back under these circumstances.

### 1. Relation-Back Under New York Law

New York's general relation-back statute is § 203 of the Civil Practice Law and Rules ("CPLR"), the application of which is "patterned largely after the Federal relation back rule."[1] *Buran v. Coupal*, 87 N.Y.2d 173, 179 (1995); *see also Abdell v. City of New York*, No. 05 Civ 8453, 2006 WL 2620927, at *2 (S.D.N.Y. Sept. 12 2006) ("The New York relation-back doctrine tracks the federal rule."). As the New York Court of Appeals has explained, three conditions must be satisfied in order for claims against one defendant to relate back to claims asserted against another:

> (1) [B]oth claims arose out of same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.[2]

*Buran*, 87 N.Y.2d at 178 (quoting *Brock v. Bua*, 443 N.Y.S.2d 407 (App. Div. 2d Dep't 1981).

At issue here is only the third prong. Nollah argues that because his delay in amending the Complaint was not done in bad faith or to "gain any tactical advantage," this prong of the test

---

[1] CPLR § 1024 also allows relation-back in John Doe cases. However, because Nollah never responded to Lt. Treubig's argument that the requirements of CPLR § 1024 are not satisfied, the Court considers any reliance on § 1024 to be forfeited.

[2] *Buran* eliminated the requirement that plaintiff's mistake must be considered "excusable." *Buran*, 87 N.Y.2d at 180.

4

is satisfied. (Dkt. No. 34 at 9.) Lt. Treubig does not claim a lack of knowledge of this pending action or charge Nollah with bad faith. Rather, the parties dispute only whether Nollah's delay in amending the Complaint qualifies as a "mistake" of identity contemplated by the CPLR. It does not.

Nollah's failure to amend the Complaint is not the type of "mistake" contemplated by New York's relation-back rule. *Bender v. City of New York*, No. 14 Civ 4386, 2015 WL 524283, at *6 (S.D.N.Y. Feb. 10, 2015) ("[T]he failure to name a defendant whom the plaintiff knows must be named does not constitute a 'mistake.'"); *Strada v. City of New York*, No. 11 Civ 5735, 2014 WL 3490306, at *9 (E.D.N.Y. July 11, 2014). Nollah offers no explanation for his failure to amend the Complaint despite learning of Lt. Treubig's identity on July 6, 2017. By Nollah's own representation, he knew Lt. Treubig's identity through Defendants' initial disclosures two months before the statute of limitations expired on September 18, 2017. (Dkt. No. 34 at 9.) Nollah had ample time to amend the Complaint but failed to do so. His failure may constitute neglect on the part of counsel, but it is not a mistake for the purposes of § 203. *See Sloane v. Town of Greenburgh*, No. 01 Civ 11551, 2005 WL 1837441, at *4 (S.D.N.Y. July 27, 2005) (holding that a *pro se* plaintiff's failure to timely substitute John Doe defendants with named defendants before the statute of limitations expired was not a mistake under New York or federal law); *Abdell*, 2006 WL 2620927, at *7 ("Where a plaintiff fails to timely sue a potentially liable party despite incriminating disclosures made within the statute of limitations, the Court cannot find that a mistake was made for relation back purposes."); *Hunter v. Deutsche Lufthansa AG*, No. 09 Civ 3166, 2013 WL 752193, at *6 (E.D.N.Y. Feb. 27, 2013) ("[I]f indeed United's potential liability was brought to plaintiff's attention within the limitations period, his failure to timely amend his complaint cannot be considered a mistake.").

Since Nollah cannot satisfy the third prong of the relation-back rule, his amended claims cannot relate back for purposes of New York law.

### 2. Relation-Back Under Federal Law

Federal Rule of Civil Procedure 15(c)(1)(C) allows relation-back if (1) "the amendment changes the party or the naming of the party against whom a claim is asserted"; (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (3) the new party "received such notice of the action" within the period provided by Rule 4(m) "that it will not be prejudiced in defending on the merits"; and (4) the new party "knew or should have known that the action would have been brought against it," within the period provided by Rule 4(m), "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C).

The federal relation-back doctrine is largely identical to, if not stricter than, the New York state verion. *See Buran*, 87 N.Y.2d at 179; *Abdell*, 2006 WL 2620927, at *5 ("New York relation back doctrine, however, is more generous than federal relation back doctrine."); *Vasconcellos v. City of New York*, No. 12 Civ. 8445, 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014) ("[The third prong of § 203] closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)."); *Sloane*, 2005 WL 1837441, at *3 ("At least as to this third prong of the New York rule, New York's relation back law employs the same standard as the federal rule."). As explained above, Nollah does not satisfy the New York relation back rule; he thus fails to satisfy Rule 15(c)(1)(C), as well.

### B. Malicious Prosecution Claim

Lt. Treubig also moves to dismiss Nollah's malicious prosecution claim. A malicious prosecution claim brought under § 1983 is governed by state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). To establish a malicious prosecution claim under New York law, the plaintiff

must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id*.

Lt. Treubig does not argue that Nollah's malicious prosecution claim is untimely. (Dkt. No. 31 at 5 n.3.) Instead, Lt. Treubig contends that Nollah cannot satisfy the first element because he cannot produce documentation to support his allegation that he was charged for stealing a vehicle, and the traffic summonses issued to Nollah do not initiate criminal proceeding for purposes of establishing malicious prosecution claim.[3] *Id*. However, at the motion to dismiss stage, "[t]he Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw [ ] all inferences in the plaintiff's favor.'" *Goonan*, 916 F. Supp. 2d at 478 (quoting *Allaire Corp.*, 433 F.3d at 249–50). Taking Nollah's factual allegations in the Amended Complaint as true, the Court agrees with Nollah that he has adequately pleaded his malicious prosecution claim. Therefore, Lt. Treubig's motion to dismiss is denied as to this claim.

### C. Section 1983 Conspiracy Claim

Lt. Treubig also moves to dismiss Nollah's conspiracy claim. Nollah alleges that Defendants conspired to maliciously prosecute Nollah and deny his right to a fair trial, in violation of § 1983. (AC ¶ 51.) Lt. Treubig argues that this claim fails as a matter of law under the intra-corporate conspiracy doctrine. (Dkt. No. 31 at 4 n.2.) The Court agrees.

---

[3] Alternatively, Lt. Treubig argues that even if the traffic summonses did initiate criminal proceeding for purposes of the malicious prosecution claim, Lt. Treubig would not be liable because he did not issue or sign the traffic summons. The Court need not address these arguments because Nollah's allegation of the stolen vehicle charge, assumed to be true, is sufficient to plead a malicious prosecution claim at the motion to dismiss stage.

7

The intra-corporate conspiracy doctrine prohibits claims against employees of the same entity acting within the scope of their employment, because they "are considered a single entity and are legally incapable of conspiring with each other." *Biswas v. City of New York*, 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013). Although the Second Circuit has yet to extend this doctrine to § 1983 conspiracy claims, "courts in this district have uniformly applied the rule to Section 1983 cases as well." *Dowd v. DeMarco*, 314 F. Supp. 3d 576, 587 (S.D.N.Y. 2018); *see also Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013); *Anemone v. Metro. Transp. Auth.*, 419 F. Supp. 2d 602, 604 (S.D.N.Y. 2006) (collecting cases) ("In the absence of controlling contrary authority, this court will continue to apply the intracorporate conspiracy doctrine to Section 1983 claims because the doctrine's logic is sound.").

"[A]n exception to the intracorporate conspiracy doctrine [?] exists when the alleged conspirators are motivated by an improper personal interest separate and apart from that of their principal." *Chamberlain*, 986 F. Supp. 2d, at 388. It applies "where law enforcement allegedly exercises official duties in unconstitutional ways in order to secure personal benefit." *Alvarez v. City of New York*, No. 11 Civ. 5464, 2012 WL 6212612, at *3 (S.D.N.Y. Dec. 12, 2012). But "personal bias" alone "does not constitute personal interest and is not sufficient to defeat the intracorporate conspiracy doctrine." *Bond v. Board of Educ. of City of New York*, No. 97 Civ. 1337, 1999 WL 151702, at *2 (E.D.N.Y. March 17, 1999).

Nollah's § 1983 conspiracy claim against Lt. Treubig fails under the intra-corporate conspiracy doctrine. The individual defendants, Officer Tietjen and Lt. Treubig, are both employees of the New York Police Department. (AC ¶¶ 8–9.) Moreover, the personal stake exception does not apply because the Amended Complaint nowhere alleges that Defendants had any personal interest in prosecuting Nollah. The mere allegations of racial slurs at most

demonstrate personal bias, which is insufficient. *Johnson v. Nyack Hosp.*, 954 F. Supp. 717, 723 (S.D.N.Y. 1997) ("If personal racial bias were sufficient to defeat the intraenterprise conspiracy doctrine, the exception would swallow the rule[.]"). And Nollah fails to address the intra-corporate conspiracy argument in his response brief. Accordingly, the intra-corporate conspiracy doctrine bars Nollah's conspiracy claim.

### D. Denial of Right to a Fair Trial Claims

Lt. Treubig moves to dismiss for untimeliness Nollah's claim that Defendants denied his right to a fair trial. Nollah responds that the statute of limitations for this claim started to run in November 2016, when all charges against him were dismissed. (Dkt. No. 34 at 18.) If that is correct, then the amendment of his complaint in October 2017 would be timely. Lt. Treubig never specifically responds to this argument or challenges the accrual date of Nollah's fair trial claim. Assuming Nollah's allegations to be true, Lt. Treubig's motion to dismiss this claim on the statute of limitations ground must be denied.

### E. Retaliatory Prosecution Claim

Lt. Treubig moves to dismiss Nollah's retaliatory prosecution claim. A "retaliatory prosecution claim accrue[s] when the prosecution [i]s commenced by the filing of the criminal charges." *Gierlinger v. Town of Brant*, No. 13 Civ. 370, 2015 WL 269131, at *6 (W.D.N.Y. January 21, 2015); *Smith v. Campbell*, 782 F.3d 93, 99–100 (2d Cir. 2015) (holding that a First Amendment retaliation claim accrued when the plaintiff was issued traffic tickets). Accordingly, Nollah's retaliatory prosecution claim accrued when he was issued the traffic tickets and charged with stealing a vehicle on September 18, 2014, the same date when his false arrest claim accrued. Therefore, for the same reasons discussed with respect to the false arrest claim, Nollah's retaliatory prosecution claim against Lt. Treubig is dismissed as untimely.

## IV. Conclusion

For the foregoing reasons, Lt. Treubig's motion to dismiss is GRANTED in part and DENIED in part.

The Clerk of Court is directed to close the motion at Docket Number 29.

SO ORDERED.

Dated: September 27, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge